UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
KIM MCKENZIE,

                                  **MEMORANDUM & ORDER**
             Plaintiff,             CV 24–7665 (AYS)

    -against-

WILMINGTON SAVINGS FUND
SOCIETY, FSB, AS TRUSTEE OF
STANDWICH MORTGAGE LOAN
TRUST I,
                     Defendant.
---------------------------------------------------X
**SHIELDS, Magistrate Judge,**

      Pro se plaintiff Kim McKenzie ("McKenzie" or "Plaintiff") commenced this action against defendant Wilmington Savings Fund Society, FSB, as Trustee of Stanwich[1] Mortgage Loan Trust I ("WSFS" or "Defendant"), alleging claims for adverse possession, fraud, negligence, or misrepresentation stemming from the foreclosure of her home.

      Presently before this Court, is Defendant's motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See Docket Entry ("DE") [16].) For the reasons set forth below, the motion to dismiss is granted with prejudice.

BACKGROUND

I.    Documents Considered

      As is required in the context of this motion to dismiss, the factual allegations in the Complaint, though disputed by Defendant, are accepted to be true for purposes of this motion, and all reasonable inferences are drawn therefrom in favor of the Plaintiff.

---

[1] The Court notes that Plaintiff incorrectly spelled defendant's name as Standwich instead of Stanwich. The Court uses Defendant's correct name in the instant Order.

While facts to consider in the context of a Rule 12 motion to dismiss are generally limited to those set forth in the pleadings, a court may consider matters outside of the pleadings under certain circumstances. Specifically, in the context of a Rule 12(b)(6) motion, a court may consider: (1) documents attached to the Complaint as exhibits or incorporated by reference therein; (2) matters of which judicial notice may be taken; or (3) documents upon the terms and effects of which the Complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-153 (2d Cir. 2002); see Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995). Moreover. "[a] court may take judicial notice of documents filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." Glob. Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 157 (2d Cir. 2006) (quoting Int'l Star Class Yacht Racing Ass'n Tommy Hilfiger U.S.A., Inc., 146 F.3d 66, 70 (2d Cir. 1998)).

Where, as here, the complaint was filed pro se, it must be construed liberally with "special solicitude" and interpreted to raise the strongest claims that it suggests. Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (internal quotation marks omitted). Nonetheless, a pro se complaint must state a plausible claim for relief. See Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

The Court turns now to discuss the facts set forth in Plaintiff's Complaint, construed in her favor.

II. Facts

    A. Background

Due to Plaintiff's vast litigation background in connection with the foreclosure of her property, the Court assumes familiarity with the facts of this case. (See U.S. District Court for the Eastern District of New York Case No. 23-cv-06565-GRB-AYS, Kim Mckenzie v. Wilmington Savings Fund Society, Bank of New York Mellon Company as FHA Qualified Trustee for Rescap Liquidation Trust, Fairmount Funding, Ltd, New York Corp., GMAC Mortgage, LLC, ("EDNY I").)

Below, the Court briefly summarizes the pertinent facts.

    1.    The Foreclosure Action

On or about October 28, 2008, Plaintiff executed a mortgage which was secured by a note for the property located at 76 State Avenue, Wyandanch, NY 11798 (the "Property"). (DE [16-2], Declaration of Joseph M. DeFazio ("DeFazio Decl."), ¶¶ 1-2, Ex. A, [DE 16-3] and Ex. B, DE [16-4].) From June 2009 and continuing for over 14 years, Plaintiff defaulted on her mortgage payments. (DeFazio Decl., Ex. C [16-5].) In November 2012, GMAC Mortgage LLC, a predecessor-in-interest of Defendants, commenced a state foreclosure action against Plaintiff (the "State Foreclosure Action"). (Id.) GMAC Mortgage LLC assigned the loan to BNYM, BYNM assigned the loan to non-party WVMF Funding, who then subsequently assigned it to WSFS. (DeFazio Decl., Ex. D, DE [16-6].) WSFS was a Plaintiff in the State Foreclosure Action.

An Order dated November 14, 2016, granted default judgment against Plaintiff for failure to respond to the State Foreclosure Action. (DeFazio Decl., Ex. E, DE [16-7].) On March 15, 2018, an Order for Judgment of Foreclosure and Sale was granted. (DeFazio Decl., Ex. F, DE [16-8].)

3

On March 28, 2019, Plaintiff filed an Order to Show Cause seeking injunctive relief and dismissal of the State Foreclosure Action. (DeFazio Decl., Ex. G, DE [16-9].) The filing argues that BNYM, as the Plaintiff, lacked standing to maintain the action. (Id.) By Order dated July 22, 2019, Plaintiff's motion was denied in its entirety. (Id.)

Plaintiff did not appeal the Order, but subsequently filed a Motion to Vacate the Judgment of Foreclosure and Sale, for lack of standing. (DeFazio Decl., Ex. E.) BNYM opposed the motion, arguing that Plaintiff previously moved for the same relief, which was denied on the merits by Order dated July 22, 2019. (DeFazio Decl., Ex. H, DE [16-10].) The State Court agreed, denying Plaintiff's motion based on res judicata and the law of the case doctrine. (DeFazio Decl., Ex. I, DE [16-11].) The Court stated, "[i]n any event, defendant's claim that plaintiff lacks standing herein is devoid of merit." (Id.)

Prior to commencing the federal litigation, Plaintiff filed an Order to Show Cause in the State Foreclosure Action seeking a stay of the transfer of title to the mortgaged property subsequent to the foreclosure sale held on June 22, 2023. (DeFazio Decl., Ex. E.) Plaintiff's argument, once again, was lack of standing. (Id.) On November 6, 2023, the State Court issued an Order denying the Plaintiff's Order to Show Cause. (DeFazio Decl., Ex. J, DE [16-12].)

    2.    EDNY I

In 2023, Plaintiff filed a complaint in the instant court, EDNY I. (See DeFazio Decl., Ex. K, DE [16-13]. The Complaint raised eleven claims against WSFS. (Id.) In the Complaint, Plaintiff stated: "[t]his is not about the '… foreclosure case itself or the judgment . . .' but the status of standing of the defendants ability to commence the proceedings prior to the action itself." (Id.). Plaintiff further stated "[d]espite the current legal status of the foreclosure proceeding and its appeal, the plaintiff is not arguing the issues on the foreclosure, its raising

4

issue with the defendant's lacking standing prior to the commencement thereof." (Id.) WSFS moved to dismiss the Complaint. On July 2, 2024, the undersigned entered a Report and Recommendation recommending dismissal of the complaint with prejudice. (See DeFazio Decl., Ex. L, DE [16-14].) On September 3, 2024, the district court adopted the Report and Recommendation in its entirety and dismissed EDNY I. (DeFazio Decl., Ex. M, DE [16-15].)

Plaintiff has continued her motion practice in the State Foreclosure Action. On July 9, 2024, the trial court enjoined Plaintiff "from filing further motions or applications in this action **without obtaining prior written permission of this court**." (DeFazio Decl., Ex. N, DE [16-16].)

3. The Instant Litigation

Plaintiff commenced the instant on action on September 19, 2024, in New York State court. On November 1, 2024, Defendant removed the action to the instant court. (DE [1].) The current action continues to attack the standing of WSFS and its predecessors in interest to bring the foreclosure by alleging "[t]hat [Wilmington Savings] engaged in fraudulent assignment of mortgage prior to the commence of this foreclosure action" and '[t]hat those assignment mortgages [sic] are fraudulent and that the defendant obtained a judgement of foreclosure and sale along with the bidding of the property [sic]." (Id.). Plaintiff has stated that "the cause of action in this law suit against defendant is that 'whether the defend lacked legal standing to commence a foreclosure . . .' [sic] on the strength or basis of a defective, unauthorized assignment of mortgage prior to the commence of the foreclosure action therewith." (DE [14] at ¶ 7.)

B.     <u>Procedural History</u>

Following the removal of the instant action to this court, on October 8, 2024, Defendant filed a fully-briefed motion to dismiss. (DE [6].) On November 12, 2024, the Honorable Gary R. Brown, referred the motion to dismiss as well as any dispositive pretrial motions to the undersigned for Report and Recommendation. (<u>See</u> Order Referring Motion dated 11/12/2024.) On November 18, 2024, the undersigned issued a Report and Recommendation recommending that the motion to dismiss be denied without prejudice to renewal, in accordance with the undersigned's individual rules. (<u>See</u> Report and Recommendation dated 11/18/2024.)

On November 26, 2024, the instant action was reassigned to the undersigned for all further proceedings, as all parties consented to such. (DE [11] and DE [13].) On November 25, 2024, Defendant sought leave to move to dismiss the Complaint. (DE [12].) Following Plaintiff's opposition, (DE [14]), on December 3, 2024, the undersigned waived the required pre-motion conference and issued a briefing schedule. (<u>See</u> Order dated 12/03/2024.)

On January 27, 2025, Defendant filed the instant motion to dismiss. (<u>See</u> DE [16].)

III.     <u>The Motion to Dismiss</u>

Defendant moves to dismiss all claims. WSFS argues that the Complaint is barred by the doctrine of <u>res judicata</u> and collateral estoppel. Defendant asserts that Plaintiff seeks to re-litigate the issue of standing to bring the State Foreclosure Action, which has repeatedly been denied by the State Court, and this Court. As the Defendant is a party to the State Foreclosure Action, Defendant contends that Plaintiff has attempted to argue the same claim against the same party.

Defendant also contends that the Complaint fails to state a claim for adverse possession, fraud, negligence, or misrepresentation.

The Court now turns to the merits of the motion.

6

DISCUSSION

I. <u>Legal Principles: Standards Applicable on Motions to Dismiss</u>

    A. <u>Rule 12(b)(6)</u>

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009) (quoting, <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see</u> <u>also</u> <u>Arista Records, LLC v. Doe 3</u>, 604 F.3d 110, 119–20 (2d Cir. 2010). Facial plausibility is established by pleading sufficient factual content to allow a court to reasonably infer the defendant's liability. <u>Twombly</u>, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 555. Nor is a pleading that offers nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," sufficient. <u>Iqbal</u>, 556 U.S. at 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 555).

District courts are "obligated to construe <u>pro se</u> complaint [s] liberally," <u>Harris v. Mills</u>, 572 F.3d 66, 72 (2d Cir. 2009), interpreting them "to raise the strongest arguments that they suggest," <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d Cir. 2006). Courts may not, however, read into <u>pro se</u> submissions claims inconsistent with the <u>pro se</u> litigant's allegations, <u>Phillips v. Girdich</u>, 408 F.3d 124, 127 (2d Cir. 2005) (citation omitted), or arguments that the submissions themselves do not "suggest," <u>Pabon v. Wright</u>, 459 F.3d 241, 248 (2d Cir. 2006). <u>Pro se</u> status "does not exempt a party from compliance with relevant rules of procedural and substantive law." <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2d Cir. 1983) (citation omitted).

With these standards in mind, the Court turns to assess the viability of Plaintiff's claims.

7

II.     Plaintiff's Claims are Barred by Res Judicata and Collateral Estoppel

Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel.

Res judicata and collateral estoppel are related but distinct doctrines that may bar a party from litigating certain claims or issues in a subsequent proceeding. Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999). "[I]t is well settled that a court may dismiss a claim on *res judicata* or collateral estoppel grounds under a Rule 12(b)(6) motion." Linden Airport Mgmt. Corp. v. New York City Econ. Dev. Corp., No. 08 CIV. 3810 (RJS), 2011 WL 2226625, at *3 (S.D.N.Y. June 1, 2011) (internal quotation marks omitted) (quoting Sassower v. Abrams, 833 F. Supp. 253, 264 n.18 (S.D.N.Y. 1993)). "When a defendant raises *res judicata* or collateral estoppel as an affirmative defense and 'it is clear from the face of the complaint, and consideration of matters which the court may take judicial notice of, that the plaintiff's claims are barred as a matter of law,' dismissal under Rule 12(b)(6) is appropriate." Id. (quoting Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000)). As a pro se claimant is "not exempt ... from compliance with relevant rules of procedural and substantive law ...." Traguth, 710 F.2d at 95 (internal quotations and citation omitted), the doctrine of collateral estoppel and *res judicata* are equally applicable to pro se claimants. See, e.g., Iwachiw v. Gen. Elec. Corp., No. 99–3668, 2000 WL 381977, at *3–4 (E.D.N.Y. Feb. 22, 2000) (applying *res judicata* and collateral estoppel to bar the action by the pro se plaintiff who sought to litigate matters in the federal forum that have already been litigated in arbitration); Caldwell v. Pesce, 83 F. Supp. 3d 472, 481 (S.D.N.Y. 2015) ("[T]he doctrines of *res judicata* and collateral estoppel apply to *pro se* litigants." (citing Austin v. Downs, Rachlin & Martin Burlington St. Johnsbury, 270 F. App'x 52 (2d Cir. 2008))).

Collateral estoppel is synonymous with "issue preclusion." "[U]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may

8

preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) (quoting Allen v. McCurry, 449 U.S. 90, 94 n.5 (1980)). See also Marvel Characters, Inc. v. Simon, 310 F.3d 280, 288 (2d Cir. 2002) ("Collateral estoppel, or issue preclusion, prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding."). Application of the doctrine does not require an identity of parties in the proceedings. Amadsau v. Bronx Lebanon Hosp. Ctr., No. 03 CIV.6450 LAK AJP, 2005 WL 121746, at *8 (S.D.N.Y. Jan. 21, 2005), report and recommendation adopted sub nom. Amadasu v. Rosenberg, No. 03CIV.6450LAK, 2005 WL 954916 (S.D.N.Y. Apr. 26, 2005), aff'd, 225 F. App'x 32 (2d Cir. 2007) ("[T]he doctrine of collateral estoppel does not require that the same parties are named in the earlier action in order to apply to the instant action.").

"[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred ...." New York v. Sokol (In re Sokol), 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). See also Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). In New York, for issue preclusion to apply, "(1) the identical issue must have been necessarily decided in the prior action and must be decisive in the present action, and (2) the party who is precluded from relitigating the issue must have had a full and fair opportunity to contest the matter in the prior action." Strough v. Inc. Vill. of W. Hampton Dunes, 78 A.D.3d. 1037, 1039 (2d Dept 2010). See also Rojas v. Romanoff, 186 A.D.3d. 103, 108 (1st Dept 2020) ("Under issue preclusion, the prior judgment conclusively resolves an issue actually litigated and determined in the first action ... There is a limit to the

9

reach of issue preclusion, however. In accordance with due process, it can be asserted only against a party to the first lawsuit, or one in privity with a party." (internal citations omitted)).

Res judicata and claim preclusion bar the "relitigation ... of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." Bank of N.Y. v. First Millennium, Inc., 607 F.3d 905, 919 (2d Cir. 2010). See also Nilsen v. City of Moss Point, 701 F.2d 556, 560 (5th Cir. 1983) ("it is black-letter law that *res judicata,* by contrast to narrower doctrines of issue preclusion, bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication ... not merely those that were adjudicated."). As with collateral estoppel, the Court applies New York law of res judicata to the State Court judgment in the Foreclosure Action. In re Sokol, 113 F.3d at 306. New York takes a transactional approach to res judicata: "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Sosa v. J.P. Morgan Chase Bank, 33 A.D.3d. 609, 611 (2d Dept 2006) (internal quotation marks and citation omitted). In determining what qualifies as the "same transaction," courts look to: "how the facts are related in time, space, origin or motivation; whether they form a convenient trial unit; and whether treating them as a unit conforms to the parties' expectations." See Marinelli Assocs. v. Helmsley–Noyes Co., 265 A.D.2d. 1, 5 (1st Dept 2000). Even if there are variations in the facts alleged or different relief is sought, if the actions are grounded on the same gravamen of the wrong, *res judicata* applies. Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008).

In New York, the doctrine of res judicata, or claim preclusion bars actions where: (i) there is a final judgment on the merits, (ii) involving the same parties or their privies, and (iii) involving the same cause of action. See Landau v. LaRossa, Mitchell & Ross, 11 NY3d 8, 12–13

10

(2008) (citing Parker v. Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 (1999) ("a valid final judgment bars future actions between the same parties on the same cause of action. As a general rule, once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."). See also Matter of Grainger (Shea Enters.), 309 N.Y. 605, 616 (1956) (noting "[t]he general doctrine of res judicata gives binding effect to the judgment of a court of competent jurisdiction and prevents the parties to an action, and those in privity with them, from subsequently re-litigating any questions that were necessarily decided therein").

Those elements are satisfied here. "A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action." Signature Bank v. Epstein, 95 A.D.3d 1199, 1200 (2d Dept. 2012) (citation omitted); see also, Da Silva v. Masso, 76 N.Y.2d 436 (1990) ("It is elementary that a final judgment or order is a valid and conclusive adjudication of the parties' substantive rights…").

Here: (1) the parties in the instant litigation were parties in the State Foreclosure Action; (2) The Judgment of Foreclosure and Sale was entered by the Supreme Court of New York State; and (3) Plaintiff seeks to relitigate the issue of standing to bring the State Foreclosure Action, which has been denied by the State Court multiple times. Plaintiff's adverse possession, fraud, negligence, and misrepresentation claims are all primarily based on an allegation that WSFS demonstrated its standing on fraud. In Plaintiff's "Response and Reply to re-Motion Ex Parte Communication with Court Absent a Showing or Showing of Prior Notice of Motion Upon Plaintiff" she clarifies that the underlying issue of this action is "'whether the defendant lacked legal standing to commence a foreclosure .. .' [sic]" (DE [14] at ¶ 7.) The State Court has

specifically cited to res judicata and the law of the case doctrine in the denials. In sum, because Plaintiff raised her present claims in prior state court and federal actions, which were previously adjudicated on the merits, and determined that WSFS and its predecessors in interest had standing to foreclose, res judicata and collateral estoppel bar Plaintiff's current claims. Thus, Plaintiff's claims are barred by res judicata.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Defendant's motion to dismiss is GRANTED with prejudice.

**IT IS FURTHER ORDERED** that the Clerk of the Court close the case.

**SO ORDERED.**

Dated: Central Islip, New York
September 29, 2025

      /s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge